IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CIVIL NO. 03-0703-WS-M** |
| | ) | |
| **EDWARD FILES,** | ) | **CRIMINAL NO. 97-0099** |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on petitioner Edward Files' Petition Requesting Certificate of Appealability or in the Alternative Motion for Relief from Final Judgment (doc. 2035) and his Application to Proceed without Prepayment of Fees and Affidavit (doc. 2036).

**I.    Background.**

Files' Amended Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 1881) identified four grounds for relief, including the following: (a) ineffective assistance of counsel on direct appeal in failing to litigate alleged *Apprendi* error; (b) Sixth Amendment claim of *Apprendi* error as to conspiracy convictions because a judge made findings as to elements of the offense; (c) erroneous sentence enhancements for obstruction of justice and use of a firearm in connection with that obstruction ("Ground Three"); and (d) ineffective assistance of counsel on direct appeal in failing to object to trial court's alleged impairment of defendant's use of peremptory challenges.  With leave of Court, Files subsequently amended his Amended Petition to transform the sentence enhancement claim presented in Ground Three into an ineffective assistance claim concerning appellate counsel's failure to object to those enhancements on direct appeal, and also to interpose a new claim under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

On January 13, 2006, the undersigned entered a 37-page Order (doc. 2021) denying Files' § 2255 Petition in its entirety.  On February 23, 2006, Files submitted a Motion for Reconsideration (doc. 2028) arguing, *inter alia*, that the Court erroneously rejected his claim arising from appellate counsel's failure to litigate his *Apprendi* issue on direct appeal.

According to Files, he would have been entitled to resentencing if appellate counsel had argued *Apprendi* on direct appeal and the resulting delays might have kept his appeal alive long enough to give him the benefit of *Blakely* and *Booker* when those decisions were handed down. Files also expressed disagreement with the Court's analysis of Ground Three and reiterated arguments that had been previously considered and rejected. On March 17, 2006, the undersigned entered an Order (doc. 2032) granting reconsideration but, upon reconsideration, reaffirming the January 13 Order. Files now seeks a Certificate of Appealability ("COA") and *in forma pauperis* status on appeal.[1] These requests will be considered in turn.

## II.     Motion for Certificate of Appealability.

### A.     Legal Standard.

Files' appeal is governed by 28 U.S.C. § 2253(c)(1)(B), which provides in pertinent part that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255." *Id.* Thus, a COA is ordinarily a jurisdictional prerequisite to an appeal in a collateral proceeding attacking a federal conviction. *See Pagan v. United States*, 353 F.3d 1343, 1344-45 (11th Cir. 2003). Indeed, "[t]he certificate of appealability is a threshold or gateway requirement which serves to filter out from the appellate process cases in which the possibility of reversal is too unlikely to justify the cost to the system of a full appellate examination." *Gonzalez v. Secretary for Dept. of Corrections*, 366 F.3d 1253, 1264 (11th Cir. 2004).

It is well established that a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997). This standard is "materially identical" to that governing certificates of probable cause under the former 28 U.S.C. § 2253. *Hardwick,* 126 F.3d

---

[1] Alternatively, Files requests relief from judgment pursuant to Rule 60(a), Fed.R.Civ.P., which authorizes district courts to correct clerical mistakes in judgments, orders or other parts of the record. Files specifically references Rule 60(a) and repeatedly mentions "clerical error" as his basis for seeking relief from judgment; however, he identifies no clerical error in the underlying Order that might warrant application of Rule 60(a). Accordingly, Files' request in the alternative for relief under Rule 60(a) is **denied** because that provision is inapplicable here. *See Weeks v. Jones*, 100 F.3d 124, 128-29 (11th Cir. 1996) (explaining that Rule 60(a) is confined to clerical mistakes and does not reach errors of substantive judgment).

at 1313.  In the context of certificates of probable cause, the Supreme Court defined the requirement of "a substantial showing of the denial of a federal right" to mean that the applicant must raise an issue that is debatable among jurists of reason.  *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

> "In requiring a 'question of some substance,' or a 'substantial showing of the denial of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits. . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Id.* (citations omitted).  More recently, the Supreme Court echoed this interpretation in the context of a COA, opining that § 2253's "substantial showing" requirement means that a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (adopting and applying *Slack* standard).  Where a district judge rejects constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Miller-El*, 537 U.S. at 338.

### *B.  Analysis.*

Files' Motion generically requests a COA "as to the reasoning of your Honor's denial of grounds one throuth [*sic*] five of the issues raised in his § 2255 petition."  (Doc. 2035, ¶ 2.)  In his accompanying Memorandum of Law, however, Files more narrowly defines the issues on which a COA is sought as follows:

> "(1) Whether the this [*sic*] Court erred erroneously, in that, its factual finding with respect to the sentencing judge's 2 point enhancement to Files for obstruction of Justice based under 3C1.1 of 1998, U.S. Sentencing Guidlines [*sic*] Manual, rather, that of the 1997 edieiton [*sic*] use[d] by the sentencing judge, (2) whether the Court erred erroneously in its factual finding in attributing a 2 point enhancement to Files for use of a firearm pursuant to 924(c) under Guideline 2D1.1, and (3) if so, does the record disclose an adequate evidentiary basis for such findings."

(Memorandum of Law, at 3.)  Thus, Files focuses exclusively on Ground Three, as amended, as

-3-

his basis for seeking issuance of a COA.

> *1.      Ineffective Assistance Objection to Obstruction Enhancement.*

Files first maintains that a COA should issue because this Court allegedly used the 1998 version of the Sentencing Guidelines instead of the 1997 version in assessing Files' § 2255 arguments concerning his sentence enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1.  This is simply not correct.  The January 13 Order (doc. 2021) analyzed and applied the 1997 version of § 3C1.1 at length, and specifically cast aside the 1998 iteration as "not germane here."  (January 13 Order, at 30-32 & n.33.)  Files' suggestion that the Court erroneously used the 1998 Guidelines lacks factual basis, and cannot justify issuance of a COA.

The same result is obtained with respect to Files' sub-arguments that his conduct giving rise to the obstruction of justice enhancement (to-wit, an incident in which he placed a gun to the head of a witness and told him that if he testified against Files' brother, Michael (a co-defendant in this action), Files would "blow [his] damn brains out" so it would be "best to keep [his] mouth closed") was not "willful" and did not relate to the "instant offense."  The Court's analysis on pages 30-32 of the January 13 Order addresses these issues fully and will not be reiterated here. More importantly, however, Files' analysis misses the point.  If the question presented were whether reasonable jurists could debate the application of the "instant offense" requirement of the 1997 iteration of § 3C1.1 to Files' conduct for which he received an obstruction enhancement, the undersigned would be inclined to respond affirmatively.  But that question is not before the Court.  Rather, the question is whether reasonable jurists could disagree as to whether it rose to the level of unconstitutionally deficient performance (that is, conduct in which no competent attorney would have engaged) for Files' appellate counsel to opt not to raise a wobbly § 3C1.1 argument on direct appeal based on a problematic and uncertain construction of the "willful" and "instant offense" language of § 3C1.1.  The Court answers that question in the negative.  A competent appellate attorney could easily have decided in the exercise of sound professional judgment that the § 3C1.1 argument was too flimsy to warrant raising it on direct appeal. *See Eagle v. Linahan*, 279 F.3d 926, 940 (11th Cir. 2001) ("the Sixth Amendment does not require appellate attorneys to press every non-frivolous issue ... on appeal, provided that counsel uses professional judgment in deciding not to raise those issues").  For that reason, no COA will issue as to Files' request for § 2255 relief alleging ineffective assistance of appellate

counsel in failing to contest the obstruction enhancement on direct appeal.[2]

      2.  *Ineffective Assistance Objection to Firearm Enhancement.*

  Files next turns to the firearm enhancement component of Ground Three.  In briefing this issue on his § 2255 Petition, Files treated the firearm enhancement as an afterthought and as a mere tagalong to the obstruction issue, without furnishing any separate analysis that the firearm enhancement was improper.  The firearm enhancement issue was thus configured by Files as part and parcel of his obstruction issue, with no independent identity or distinct animating legal force.  This is so despite the fact that Files' § 2255 memorandum devoted fully 15 pages to analysis of Ground Three.  (*See* doc. 1882, at 24-38.)[3]  Now, for the first time, Files proffers arguments that the firearm enhancement was improper under *United States v. Pringle*, 350 F.3d 1172 (11th Cir. 2003) and Amendment 599 to the Sentencing Guidelines.  (*See* doc. 2035, at 11-13.)  In the Court's view, it is improper to issue a COA based on legal arguments presented for the first time in the request for COA itself.  Simply put, it strains credibility to argue that reasonable jurists

---

  [2]  Besides, the January 13 Order concluded that this ground for relief was untimely because it was not presented in Files' original § 2255 petition, but was proffered for the first time on June 29, 2004, long after expiration of the one-year AEDPA deadline.  The January 13 Order explained that the ineffective assistance claim arising from appellate counsel's failure to litigate the obstruction enhancement on direct appeal cannot relate back under Rule 15(c) because "a reader carefully reviewing Files' original § 2255 petition and the accompanying memorandum of law would have no inkling that Files harbored any unhappiness about his obstruction enhancements or his appellate counsel's failure to litigate those matters on direct appeal." (January 13 Order, at 28.)  The undersigned finds that reasonable jurists could not debate whether this new ineffective assistance claim relates back to the original § 2255 Petition; therefore, this reason constitutes an independent basis for denying Files a COA on the ineffective assistance assignment of error relating to the obstruction enhancement.  *See Lawrence v. Florida*, 421 F.3d 1221, 1225 (11th Cir. 2005) (if habeas petition is denied on procedural grounds, then COA may issue only if petitioner shows both that jurists of reason could debate correctness of procedural ruling and that they could differ as to whether petition stated valid constitutional claim).

  [3]  Indeed, review of that 15-page segment of Files' memorandum of law concerning Ground Three reveals several passing references to the firearm enhancement, but no distinct argument as to why it was ineffective assistance for his appellate counsel not to object to the firearm enhancement on direct appeal.  Instead, Files' tactic was to focus on the obstruction of justice enhancement and simply to lump the firearm enhancement in with it, without furnishing any separate analysis or discussion of the firearm enhancement.

could disagree as to whether this Court improperly denied Ground Three by failing to take into account brand-new arguments concerning the pre-existing firearm enhancement claim that Files unveiled for the first time in his request for COA.

Even if those arguments were properly considered at this time, Files' reliance on *Pringle* and Amendment 599 is misplaced.  Both *Pringle* and Amendment 599 address the circumstances under which "a weapons enhancement may properly be applied to an underlying offense when the defendant has also been convicted for the use or possession of a firearm pursuant to 18 U.S.C. § 924(c)."  *Pringle*, 350 F.3d at 1179.  Files was convicted of 24 counts in these proceedings; however, those counts were confined to violations of 21 U.S.C. §§ 841 and 846.  Files was not convicted of violating § 924(c) or any other firearm statute.  Because Files was neither prosecuted for nor convicted of violating § 924(c), his argument that his firearm enhancement is an "impermissible duplicative punishment" is not persuasive.  (Doc. 2035, at 12.)  As such, *Pringle* and Amendment 599 are irrelevant, and cannot justify issuance of a COA on Files' behalf.[4]

For all of the foregoing reasons, and after careful review of the January 13 Order and the March 17 Order in their entirety, it is the conclusion of this Court that reasonable jurists could not debate whether Files' § 2255 petition should have been resolved in a different manner, and that none of petitioner's asserted grounds for relief are adequate to deserve encouragement to proceed further.  Accordingly, Files' request for a COA is due to be, and the same hereby is, **denied**.

### III.    Application to Proceed on Appeal *In Forma Pauperis*.

The standard for a request to appeal *in forma pauperis* is distinct, and somewhat less stringent, than the standard for issuance of a Certificate of Appealability.  "To proceed on appeal *in forma pauperis*, a litigant must be economically eligible, and his appeal must not be

---

[4] Even if *Pringle* and Amendment 599 are on point, Files' quest for a COA on the firearm enhancement issue would fail because: (a) he has not proffered any argument or authority from which a reasonable jurist might conclude that appellate counsel was constitutionally defective in failing to argue the firearm enhancement on direct appeal; and (b) he has not shown that reasonable jurists could disagree with the Court's conclusion that Ground Three is untimely and therefore barred because it fails a Rule 15(c) relation back analysis.

frivolous." *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 261 (5th Cir. 1986). A prisoner seeking *in forma pauperis* status must submit a financial affidavit regarding his prisoner account balance. *See* 28 U.S.C. § 1915(a)(2) (prisoner who wishes to proceed without prepayment of fees must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the ... notice of appeal"). In his Affidavit, Files avers that he has no sources of income other than his prison employment. Although he fails to list how much he earns from his prison employment, Files does submit evidence that his prison account balance is $50.78, that his total deposits into that account over the last six months have been $305.84, that his withdrawals during that same period have been $560.10, and that he is responsible for the support of Kaneria L. Files, and Edward J. Files, Jr. (even though he fails to document the amount and frequency of such support). Files' Affidavit is incomplete in several important respects; nonetheless, after careful review of same, the Court is satisfied that Files has adequately demonstrated his inability to pay for purposes of satisfying the indigence prong of the IFP standard.

Even with a finding of economic eligibility, however, a party may not appeal *in forma pauperis* if the district court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous. *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"); *United States v. Durham*, 130 F. Supp. 445 (D.D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact).

Upon review of the § 2255 petition, the January 13 Order, the March 17 Order and the grounds for appeal articulated in Files' most recent submissions (doc. 2035), this Court

determines that petitioner's appeal of the January 13 and March 17 Orders is devoid of even arguable merit, either in law or in fact.  Therefore, the Court finds that Files' appeal is frivolous, and that the instant appeal is not taken in good faith.  As such, he is not entitled to proceed on appeal without prepayment of fees, even though he can satisfy the indigence requirement.  Accordingly, Files' Application to Proceed without Prepayment of Fees is **denied**.

### IV. Conclusion.

For the foregoing reasons, petitioner's Petition Requesting Certificate of Appealability or in the Alternative Motion for Relief from Final Judgment (doc. 2035), and his Application to Proceed without Prepayment of Fees (doc. 2036) are **denied**.

DONE and ORDERED this 31st day of May, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE